### TOLEDO & OHIO CENTRAL RAILWAY CO. V. BOWLER AND BURDICK CO.

1. JURY MAY CONSIDER CIRCUMSTANTIAL EVIDENCE IN DETERMINING WHETHER BAGGAGE MASTER HAD KNOWLEDGE OF CONTENTS OF PACKAGE.

   In determining whether a baggage master has actual knowledge of the contents of a package shipped as baggage, the jury are not precluded from considering circumstantial evidence.

2. LIABILITY OF RAILROAD COMPANY WHEN MERCHANDISE IS SHIPPED AS BAGGAGE.

   A railroad company accepting as baggage, trunks containing merchandise, without knowledge of their contents, is liable as bailee for gross negligence.

ERROR to the Court of Common Pleas of Lucas county.

KING, J.

This action was commenced in the court of common pleas in this county by the Bowler & Burdick Co., a corporation organized in this state, against the Toledo & Ohio Central Railway Co.; for the value of certain trunks of jewelry burned up upon one of the trains of the railroad company. The traveling agent of the Bowler & Burdick Co. had purchased of the railway company a thousand mile ticket, and was traveling upon the defendant's lines and connecting lines, selling jewelry for the plaintiff below, which he carried in trunks, not as samples, but as a stock of merchandise from which he sold to customers. At Glouster, a station on the Kanawa & Michigan railroad, he had these trunks checked to a station upon the line of defendant's railroad. The checks were placed upon the trunks by an agent in the employ of the Kanawa & Michigan railroad, but its agent was acting on authority to check trunks to points upon the defendant's railroad.

It is alleged in the petition that the defendant railroad company was negligent in this: that the engineer of one of its railroad locomotives misread his watch, reading it fifteen minutes earlier than the actual time, whereby he undertook to run his engine to the next station, but not having the time he supposed he had he ran into a passenger train in the baggage car of which were the trunks in question, and derailed it, and from the collision a fire resulted which destroyed the car and trunks and their contents. It is also claimed that at the time these trunks were checked the baggageman who checked them had knowledge of their contents, and knew that they contained a valuable line of jewelry, and that the contents were not personal baggage.

The case has been before this court, and decided in an opinion found in Bowler and Burdick Co. v. T. & O. C. R. R. Co., 6 Ohio Circ. Dec., 401, was taken thence to the Supreme Court, whose opinion is found in T. & O. C. R. R. Co. v. Bowler & Burdick Co., 57 O. S. 38. In these decisions many of the questions involved here are authoritatively determined.

It is insisted here that on the re-trial in the common pleas court that court erred in its charge to the jury, and it is also insisted that the verdict is not sustained by sufficient evidence.

9   O C D   30

As I have said, one ground of liability charged in the petition is, that the agent of the railway company who checked and received the trunks in question knew that these trunks contained jewelry and not the personal effects of the plaintiff or of its agent. It is argued here that if the jury found against the railway company on that ground, its verdict is not sustained by sufficient evidence. It is no doubt true, as argued by counse for plaintiff in error, that the law in Ohio is settl d in T. & O. C. R. R. Co. v. Bowler and Burdick Co., *supra*, to the effect that the company to be charged, under circumstances like those involved in this case, must have through its agents actual knowledge rather than the means of knowledge or suspicious circumstances, and that no amount of circumstances requires from the railroad company any inquiry whatever as to the contents of such packages. But we think the court below fairly submitted that question to the jury, and that there is sufficient evidence to warrant the verdict rendered. There was evidence tending to show that the baggageman at the station and town where these trunks were checked, and shortly before he checked them, came into the sample room of the hotel, which was near the depot, and engaged in some conversation with the traveling man about these trunks, and while in that room saw the contents of the trunks spread out upon tables in the room before him, and that he made some remark about the amount of jewelry. The court in its charge directed the jury to take this testimony into consideration, and said further that the jury should take any other circumstances that were in evidence in the case into consideration. It is contended that this latter was erroneous, because there were no other circumstances in evidence, and because T. & O. C. R. R. Co. v. Bowler and Burdick Co., *supra*, decided that no circumstances of suspicion are sufficient to prove actual knowledge.

If there were no other circumstances in evidence in this case, then this charge was not prejudicial, but there may have been and probably were other circumstances in evidence, and we think the Supreme Court has not decided that circumstances may not be resorted to and given in evidence to determine the main question in the case, to-wit: whether the railway company through its agents had actual knowledge. There were some of these circumstances ruled out from the consideration of the jury by the court below, I think improperly so; but certainly it is true that actual knowledge may be shown by circumstances as well as by direct evidence. In any event, we conclude that there was sufficient evidence, and that the court did not err when it submitted that question to the jury.

The principal contention of plaintiff in error is that the court erred in charging the jury to the effect that if the railway company accepted these trunks and contents as the personal baggage of the passenger, without knowledge that it was merchandise, it would be liable as a bailee, and only for a loss occasioned by its gross negligence. There is much of the charge along this line, as well as the refusal of the court to charge that the plaintiffs could not recover even if the property was lost by the negligence of the railway company, if the jury found that the trunks were checked by the company without knowledge of their contents. All this is excepted to by the plaintiff in error. It is argued here that there is a distinction here between this case at bar and one which has been cited and relied upon in Penn. Co. v. Miller, 35 O. S., 541. It is also argued, that the Supreme Court in T. & O. C. R. R. Co. v. Bowler and Burdick Co., *supra*, have defined and laid down in their

Railway Co. v. Bowler and Burdick Co.

decision grounds upon which one can recover in a case like this ; and as the Court has not referred to or said that negligence of the company would render it liable under such circumstances, the court has excluded that from one of the grounds of liability. Valuable time need not be taken up with an extended discussion of that question. We do not find in the decision of the Supreme Court sufficient to authorize us to say that the Supreme Court intended to exclude the question of negligence or as a ground of liability under such circumstances as are involved in this case.

I should say that further consideration of this case and the questions involved in it has led this court to doubt the correctness of many things in the circuit court opinion contained in Bowler and Burdick Co. v. T. & O. C. R. R. Co., *supra* : and I am inclined to the opinion that a reasonable distinction could be drawn between Penn. Co. v. Miller, *supra,* and this, and the grounds upon which liability was established in that case and the circumstances of this one ; but as we are in some doubt as to the force and effect to be given to the opinion of the court in T. & O. C. R. R. Co. v. Bowler and Burdick Co., *supra,* upon this particular point, we decline to further discuss this question, but rest our decision upon the opinion contained in our former decision of this case, and coming to that conclusion, a conclusion which seems to have been faithfully followed by the lower court in its instructions to the jury, we determine that there is no error in the charge of the court below upon that question ; and as there is no error in the other one to which I have referred, and we find no error in any of the other points discussed by counsel, the judgment of the court below will be affirmed.

*Doyle & Lewis*, for plaintiff in error.

*Gilbert & Hills*, for defendant in error.